UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| CPX CANTON AIRPORT LLC | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of the Americans with Disability |
| Defendant. | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of Ohio Revised Code 4112.02, *et* |
| | ) | *seq*. |
| | ) | |

Plaintiff DEREK MORTLAND Complains of Defendant CPX CANTON AIRPORT

LLC doing business as EMBASSY SUITES BY HILTON, and alleges as follows:

**INTRODUCTION:**

     1.     This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et*

*seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.*

     2.     Plaintiff DEREK MORTLAND is a person with physical disabilities who, on or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

about March 14, 2021 through March 15, 2021, was an invitee, guest, patron, or customer at Defendant's property, which houses the EMBASSY SUITES BY HILTON, located at.7883 Freedom Ave., NW North Canton, Ohio 44720. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Ohio legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.        **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Ohio law, whose goals are closely tied with the ADA, including but not limited to violations of Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.*

4.        **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of North Canton, County of Stark, State of Ohio and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.        Plaintiff DEREK MORTLAND is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used

interchangeably, as these words have similar or identical common usage and legal meaning.) MORTLAND is a "person with physical disabilities," as defined by all applicable Ohio and United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected by the provisions of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*

6.  Defendant CPX CANTON AIRPORT LLC, an Ohio limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the EMBASSY SUITES BY HILTON, a public accommodation, located at/near 7883 Freedom Ave., NW North Canton, Ohio 44720, and subject to the requirements of Ohio state law requiring full and equal access to public facilities pursuant to Ohio Revised Code § 4112.02, *et seq*., Ohio Administrative Code § 4101:1-11, *et sec.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.  At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject EMBASSY SUITES BY HILTON as a public facility at/near 7883 Freedom Ave., NW North Canton, Ohio 44720. The business, the EMBASSY SUITES BY HILTON, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*

8.  At all times relevant to this complaint, Defendant is the landlords/lessors,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near7883 Freedom Ave., NW North Canton, Ohio 44720. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

§ 36.201        General

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, the EMBASSY SUITES BY HILTON, located at 7883 Freedom Ave., NW North Canton, Ohio 44720. EMBASSY SUITES BY HILTON and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the EMBASSY SUITES BY HILTON to handicapped access requirements.

11. Plaintiff DEREK MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable Ohio and United States laws. MORTLAND is paralyzed as a result of an accident and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the EMBASSY SUITES BY HILTON as being handicapped accessible and handicapped usable.

13. On or about March 14, 2021 through March 15, 2021, MORTLAND was an invitee and guest at the subject EMBASSY SUITES BY HILTON, arriving for purposes of obtaining lodging.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, MORTLAND, who is a person with disabilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

encountered the following inaccessible elements of the subject EMBASSY SUITES BY

HILTON which constituted architectural barriers and a denial of the proper and legally required

access to a public accommodation to persons with physical disabilities. *By way of example and*

*not as an exhaustive inventory of Defendant's violations*, the following barriers to access were

personally encountered by plaintiffs:

a. *In the front parking lot, the parallel curb ramp exceeds the maximum running slope (parallel to the direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 406.1 and 2009 ANSI A117.1 Section: 406.1.*

b. *In the front parking lot, neither of the two access aisles is a minimum 8 feet to the centerline of the stripe in violation of 2010 ADAS Section: 502.2 Exception and 2009 ANSI A117.1 Section: 502.2 Exception.*

c. *In the front parking lot, the required number of van accessible stalls is not provided in violation of 2010 ADAS Section: 208.2, 208.2.4.*

d. *In the front parking lot, the accessible route of travel on the walk or sidewalk in fornt of the hotel has cross slopes greater than 2% in violation of 2010 ADAS Section: 403.3 and 2009 ANSI A117.1 Section: 403.3.*

e. *In the front parking lot, parked vehicles may reduce the required width of the accessible route along the sidewalk in front of the building in violation of 2010 ADAS Section: 502.7 and 2009 ANSI A117.1 Section: 502.8.*

f. *At the lobby entrance, the floor mats at the entry doors are not secured in place in violation of 2010 ADAS Section: 302.2 and 2009 ANSI A117.1 Section: 302.2.*

g. *At the lobby entrance, the hand sanitizer at the entry doors is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

h. *At the lobby entrance, the luggage check / valet stand is too high in violation of 2010 ADAS Section: 904.4.2, 904.4.1 and 2009 ANSI A117.1 Section: 904.3.*

i. *At the lobby entrance, the door opening contains projections into the required door maneuvering clearances in violation of 2010 ADAS Section: 404.2.4.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

j.  At the front desk, the counter is too high in violation of 2010 ADAS Section: 904.4.2, 904.4.1 and 2009 ANSI A117.1 Section: 904.3.

k.  At the front desk, the credit card readers are not accessible because they are located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.

l.  At the bar and dining area, the bar has a low seating space for 2. However the lowered spaces lack sufficient knee and toe clearance in violation of 2010 ADAS Section: 226.1.

m.  At the bar and dining area, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.

n.  At the bar and dining area, there are no accessible tables in violation of 2010 ADAS Section: 226.1.

o.  At the bar and dining area, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.

p.  At the business station area, the work surface is not within the allowable range in violation of 2010 ADAS Section: 902.3 and 2009 ANSI A117.1 Section: 902.4, 902.5.2.

q.  At the breakfast area, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.

r.  At the breakfast area, there are no accessible tables in violation of 2010 ADAS Section: 226.1.

s.  At the breakfast area, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.

t.  At the breakfast area, the hand sanitizer at the entry wall to the breakfast area is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

u.  At the breakfast area, the coffee condiments in the breakfast area are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

v.   At the unisex public restroom, the door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.

w.   At the unisex public restroom, compliant knee space has not been provided under the lavatory in violation of 2010 ADAS Section: 306.3.1 and 2009 ANSI A117.1 Section: 306.3.1.

x.   At the unisex public restroom, the required 56 inches by 60 inches clear floor space for the water closet has been obstructed by the trash can in violation of 2010 ADAS Section: 604.3.1 and 2009 ANSI A117.1 Section: 604.3.1.

y.   At the unisex public restroom, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.

z.   At the unisex public restroom, the toilet is not located within the range allowed from the side wall or partition in violation of 2010 ADAS Section: 604.2 and 2009 ANSI A117.1 Section: 604.2.

aa.  At the unisex public restroom, the clear floor space for the seat covers is obstructed in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.

bb.  At the men's public restroom, the door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.

cc.  At the men's public restroom, the maneuvering clearance on the pull side of the door extends less than 18 inches beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1 and 2009 ANSI A117.1 Section: 404.2.3.2.

dd.  At the men's public restroom, compliant knee space has not been provided under the lavatory in violation of 2010 ADAS Section: 306.3.1 and 2009 ANSI A117.1 Section: 306.3.1.

ee.  In the men's public restroom, the compartment door is not self closing in violation of 2010 ADAS Section: 604.8.1.2 and 2009 ANSI A117.1 Section: 604.9.3.

ff.  In the men's public restroom, the water closet compartment is missing a loop handle on the one side of the door in violation of 2010 ADAS Section: 604.8.1.2 and 2009 ANSI A117.1 Section: 604.9.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

gg. In the men's public restroom, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.

hh. In the men's public restroom, the side grab bar is too high in violation of 2010 ADAS Section: 609.4 and 2009 ANSI A117.1 Section: 609.4.1.

ii. In the men's public restroom, the rear grab bar is too high in violation of 2010 ADAS Section: 609.4 and 2009 ANSI A117.1 Section: 609.4.1.

jj. In the men's public restroom, the toilet is not located within the range allowed from the side wall or partition in violation of 2010 ADAS Section: 604.2 and 2009 ANSI A117.1 Section: 604.2.

kk. Having reserved an accessible guest room through the hotel's website, upon arrival and check in, plaintiff was given room 412 which is not an accessible guest room in violation of 2010 ADAS Section: 28 C.F.R. Section 36.302(e).

ll. In guest room 224, the door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.

mm.        In guest room 224, the threshold has a vertical change greater than 1/4 inch in violation of 2010 ADAS Section: 404.2.5 and 2009 ANSI A117.1 Section: 404.2.4.

nn. In guest room 224, the sign providing directional and information is noncompliant in violation of 2010 ADAS Section: 216.3 and 2009 ANSI A117.1 Section: 703.1.2.

oo. In guest room 224, the kitchenette sink is too close to the side wall in violation of 2010 ADAS Section: 606.2 and 2009 ANSI A117.1 Section: 606.2.

pp. In guest room 224, the top of the sink is above the allowable height requirement in violation of 2010 ADAS Section: 606.3 and 2009 ANSI A117.1 Section: 606.3.

qq. In guest room 224, the mirror at the kitchenette counter is mounted too high in violation of 2010 ADAS Section: 603.3 and 2009 ANSI A117.1 Section: 1002.11.2.2.

rr. In guest room 224, the kitchen counter top is too high in violation of 2010 ADAS Section: 804.3.2 and 2009 ANSI A117.1 Section: 1003.12.3.2.

ss.  *In guest room 224, the element is out of the minimum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

tt.  *In guest room 224, the telephone is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.*

uu. *In guest room 224, the route of travel does not provide a minimum width of 36 inches at the couch in violation of 2010 ADAS Section: 403.5.1 and 2009 ANSI A117.1 Section: 403.5.*

vv. *In guest room 224, the door swings into required clear floor space for a fixture in violation of 2010 ADAS Section: 603.2.3 and 2009 ANSI A117.1 Section: 603.2.2.*

ww.       *In guest room 224, the shower stall does not a minimum of 36 inches wide in violation fo 2010 ADAS Section: 608.2.3 and 2009 ANSI A117.1 Section: 608.2.3.1.*

xx. *In guest room 224, the side wall grab bar is not positioned correctly in violation of 2010 ADAS Section: 609.4.*

yy. *In guest room 224, the back wall grab bar is not positioned correctly in violation of 2010 ADAS Section: 609.4.*

zz. *In guest room 224, the hand held sprayer unit is mounted above the required maximum height in violation of 2010 ADAS Section: 608.6 and 2009 ANSI A117.1 Section: 608.5.*

aaa.       *In guest room 224, the adjustable-height shower head vertical bar is mounted too high in violation of 2010 ADAS Section: 608.6 and 2009 ANSI A117.1 Section: 608.5.*

bbb.       *In guest room 224, the shower seat is not located correctly in violation of 2010 ADAS Section: 610.3.*

ccc.       *In guest room 224, the clearance in front of the shower is not compliant in violation of 2010 ADAS Section: 608.2.2.1 and 2009 ANSI A117.1 Section: 608.2.2.1.*

ddd.       *In guest room 224, the clear floor space around the toilet is obstructed by the shower stall wall in violation of 2010 ADAS Section: 604.3.2 and 2009 ANSI A117.1 Section: 604.3.3.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

eee.      In guest room 224, the required 56 inches by 60 inches clear floor space for the water closet has been obstructed by the trash can in violation of 2010 ADAS Section: 604.3.1 and 2009 ANSI A117.1 Section: 604.3.1.

fff.  In guest room 224 at the bathroom vanity, knee clearance at 27 inches off the floor is not 8 inches minimum deep in violation of 2010 ADAS Section: 306.3.3 and 2009 ANSI A117.1 Section: 306.3.3.

ggg.      In guest room 224, compliant knee space has not been provided under the lavatory in violation of 2010 ADAS Section: 306.3.1 and 2009 ANSI A117.1 Section: 306.3.1.

hhh.       In guest room 224, the maneuvering clearance at the closet doors is obstructed by the bed in violation of 2010 ADAS Section: 404.2.4.1 and 2009 ANSI A117.1 Section: 404.2.3.2.

iii.  In guest room 224, neither leaf of the doorway provides at least 32 inches between the face of the door and the opposite stop in violation of 2010 ADAS Section: 404.2.3, 404.2.2, 2009 ANSI A117.1 Section: 404.2.2, 404.2.1, and 404.2.2 Exception 1.

jjj.  In guest room 224, the clear floor space for the closet rod and hangers is obstructed by the dresser and safe lock box in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.

kkk.      In guest room 224, the shelf or storage facility is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.2.1, 308.3.1 and 2009 ANSI A117.1 Section: 308.2.1, 308.3.1.

lll.  In guest room 224, the maximum allowable reach cannot be obtained because the knee clearance is obstructed. The iron and ironing board are outside of accessible reach range in violation of 2010 ADAS Section: 306.3.3 and 2009 ANSI A117.1 Section: 306.3.3.

mmm.      In guest room 224, the clear floor space for the climate control, light switches and outlets is obstructed by the bed in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.

nnn.      In guest room 224, the climate control is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.

ooo.        In guest room 224, fire alarms must be visual as well as audible. Fire alarms must meet NFPA 72 in violation of 2010 ADAS Section: 702.1 and 2009 ANSI A117.1 Section: 702.1.

ppp.        In guest room 224, the clear floor space for the drape wands is obstructed by the bed in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.

qqq.        In guest room 224, the bedroom light switch is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

rrr. In the meeting rooms area, the fire extinguisher is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.

sss. At the fitness center, the hand sanitizer is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

ttt.  At the fitness center, the outlets are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

uuu.        At the fitness center, the telephone is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.

vvv.        Upon information and belief, multiple barriers to access exist at inspecting pool, pool area, spa or hot tub, pool restrooms and showers.

www.        At the pool area, at the outdoor gate by the pool outside patio, the operating hardware is not accessible because it requires tight grasping, pinching or twisting of the wrist to operate in violation of 2010 ADAS Section: 309.4 and 2009 ANSI A117.1 Section: 309.4.

xxx.        At the pool area, the maneuvering clearance on the pull side of the outdoor patio gate extends less than 18 inches on the latch side in violation of 2010 ADAS Section: 404.2.4.1 and 2009 ANSI A117.1 Section: 404.2.3.2, 404.2.3.3.

yyy.    At the elevators, the sign providing directional and information is noncompliant in violation of 2010 ADAS Section: 216.3 and 2009 ANSI A117.1 Section: 703.1.2.

zzz. At the West entrance and parking area, the right side of the parallel curb ramp exceeds the maximum running slope (parallel to the direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 406.1 and 2009 ANSI A117.1 Section: 406.1.

aaaa.    At the West entrance and parking area, the running slope (long dimension) of the right most accessible parking stall exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.

bbbb.    At the West entrance and parking area, the right most access aisle is not located on an accessible route of travel to the accessible building entrance in violation of 2010 ADAS Section: 208.3.1, 502.3.

cccc.    At the West entrance and parking area, parked vehicles may reduce the required width of the accessible route along the sidewalk in front of the west side of the building in violation of 2010 ADAS Section: 502.7 and 2009 ANSI A117.1 Section: 502.8.

dddd.    At the West entrance and parking area, there is no ISA at this entrance in violation of 2010 ADAS Section: 216.6.

eeee.    At the West entrance and parking area, the building entrance is not located on an accessible route because the entry doors are impassable for a person with a disability in violation of 2010 ADAS Section: 206.2.1.

ffff. At the West entrance and parking area, the interior entrance doors exceed the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.

gggg.    At the West entrance and parking area, the floor mats at the entry doors are not secured in place in violation of 2010 ADAS Section: 302.2 and 2009 ANSI A117.1 Section: 302.2.

hhhh.    At the West entrance and parking area, parked vehicles may reduce the required width of the accessible route along the sidewalk in front of the outdoor patio area in violation of 2010 ADAS Section: 502.7 and 2009 ANSI A117.1 Section: 502.8.

iiii. At the outdoor patio/bar area, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

jjjj. At the outdoor patio/bar area, there are no accessible tables in violation of 2010 ADAS Section: 226.1.

kkkk.       At the outdoor patio/bar area, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.

llll. Upon information and belief, in other mobility accessible guest rooms, there are not be enough accessible rooms designed with mobility features in violation of 2010 ADAS Section: 224.2.

mmmm.       Upon information and belief, in other mobility accessible guest rooms, accessible guest rooms are not dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section: 224.5.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code §4101:1-11, *et sec.* either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiffs suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities.

MORTLAND suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

20. MORTLAND, as described herein below, seeks injunctive relief to require the EMBASSY SUITES BY HILTON to be made accessible to meet the requirements of both Ohio law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the EMBASSY SUITES BY HILTON as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Ohio and federal law.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, MORTLAND and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the EMBASSY SUITES BY HILTON

accessible to persons with disabilities.

23.    On information and belief, Defendant has undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements.

The acts and omissions of Defendant in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice towards plaintiff, and despicable conduct carried out by Defendant with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify punitive damages pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more profound example of Defendant to other operators of other establishment and other public facilities, and to punish Defendant and to carry out the purposes of § 2315.21.

24. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the EMBASSY SUITES BY HILTON and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Ohio.

25. On information and belief, the subject public facility of the EMBASSY SUITES BY HILTON denied full and equal access to plaintiff and other persons with physical disabilities in

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

other respects due to noncompliance with requirements of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

26. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the EMBASSY SUITES BY HILTON was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the establishment. Said Defendant has continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

the imposition of punitive damages pursuant to Ohio law.

27.     As Plaintiff frequently travels to Akron, Ohio, Plaintiff will return to the subject EMBASSY SUITES BY HILTON to patronize the hotel, if the hotel is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29.     Should the EMBASSY SUITES BY HILTON become accessible, MORTLAND will visit it again because it is conveniently located for the work that he performs in the area.

30.     Furthermore, plaintiff intends to return to the EMBASSY SUITES BY HILTON as an ADA tester on an annual basis beginning in 2022, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

31.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 18

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and
> comprehensive national mandate for the elimination of
> discrimination against individuals with disabilities; (2) to provide
> clear, strong, consistent, enforceable standards addressing
> discrimination against individuals with disabilities; (3) to ensure
> that the Federal government plays a central role in enforcing the
> standards established in this act on behalf of individuals with
> disabilities; and (4) to invoke the sweep of Congressional
> authority, including the power to enforce the 14th Amendment and
> to regulate commerce, in order to address the major areas of
> discrimination faced day to day by people with disabilities.

34.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for

purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;
>
> 42  U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally

enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*, making available damage remedies.

37. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject EMBASSY SUITES BY HILTON pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily

achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

38. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

39. On information and belief, construction work on, and modifications of, the subject EMBASSY SUITES BY HILTON occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA. Upon information and belief, the EMBASSY SUITES BY HILTON was built in or around 2015, making compliance with the Americans with Disability Act Standards mandatory.

40. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make

use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

41. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about December 28, 2020 through December 29, 2020, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

42. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

43. Plaintiff seeks damages pursuant to Ohio Revised Code § 4112.02, *et seq.* and Ohio Administrative Code § 4101:1-11, *et sec.*, which provide, within the statutory scheme, that a violation of the ADA and/or Ohio's accessibility standards is a violation of Ohio law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**II**.     **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq.***

44. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 43 of this complaint.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 22

45. At all times relevant to this action, Ohio Revised Code § 4112.0254 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> It shall be an unlawful discriminatory practice:
>
> (G)    For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

46. EMBASSY SUITES BY HILTON is a "place of public accommodation" pursuant to Ohio Revised Code § 4112.01(A)(9).

47. Defendant committed an unlawful act pursuant to Ohio Revised Code §4112.02(G) by denying plaintiff the full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, plaintiff had great difficulty due to extensive barriers for patrons confined to wheelchairs.

48. Pursuant to Ohio Revised Code § 4112.99, plaintiff is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

49. A separate act in violation of Ohio Revised Code § 4112.02(G) has been committed each day that Defendant acts or fail to act and/or knowingly and willfully fails and refuse to remove each architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of EMBASSY SUITES BY HILTON. Plaintiff has been

denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, plaintiff is entitled to seek appropriate relief, such as damages, pursuant to Ohio Revised Code § 4112.99.

50. On or about March 14, 2021 through March 15, 2021, plaintiff suffered violations of Ohio Revised Code §4112.02(G) in that he was denied access to the facilities as stated herein at EMBASSY SUITES BY HILTON and on the basis that he was a person with physical disabilities.

51. As a result of the denial of equal access to Defendant's facility due to the acts and omissions of Defendant in owning, operating and maintaining the subject public facility, plaintiff suffered violations of his civil rights, as well as suffering from shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

52. Plaintiff has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Ohio Revised Code § 4112 for violation of his rights, including statutory damages according to proof.

53. As a result of Defendant's acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Ohio Revised Code § 4112, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 24

**O.R.C. 4112.16 NOTICE OF VIOLATION OF ACCESSIBILITY LAW**

54. Pursuant to O.R.C. 4112.16 Notice of Violation of Accessibility Law, prior to filing a civil action alleging violation of State of Ohio accessibility law, the alleged aggrieved party *may* notify the owner, agent, or other responsible party, by personal service or by certified mail, of alleged accessibility law violations.

55.  On May 6, 2021, MORTLAND served upon Defendant's statutory agent  a Notice of Violation of Accessibility Law pursuant to O.R.C. 4112.16, a copy of which is attached to this complaint.

56. Defendant's statutory response deadline in which to serve MORTLAND with its response was May 27, 2021.

57. Defendant failed to serve a compliant response upon MORTLAND or his counsel within 15 days of receiving the O.R.C. 4112.16 Notice.

58. As a result of failing to respond to MORTLAND's Notice, MORTLAND may commence his lawsuit for violations of State of Ohio accessibility laws.

59. Due to Defendant's failure to respond in accordance with the statute, MORTLAND, if deemed the prevailing party, shall recover reasonable attorney's fees, in addition to any other remedies available to the plaintiff.

Wherefore, Plaintiff DEREK MORTLAND prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff DEREK MORTLAND prays that this court grant relief and damages as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

**DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.      For injunctive relief, compelling Defendant to make its EMBASSY SUITES BY HILTON, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

**II.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq*.**

4.      For injunctive relief, compelling Defendant to make its EMBASSY SUITES BY HILTON, readily accessible to and usable by individuals with disabilities, per state law.

5.      General and compensatory damages according to proof;

6.      All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7.      Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if plaintiff is deemed the prevailing party;

8.      Punitive damages, pursuant to Ohio Revised Code § 2315.21;

9.      For all costs of suit;

10.     Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

11.     Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Franklin Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
cg@bmblaw.com

Attorney for Plaintiff DEREK MORTLAND